UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| SHANNON T. ADAMS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 2:20-CV-205-CLC-CRW |
| | ) | | |
| JERRY GALYON, CLYDE DUNN, | ) | | |
| ROBERT CALDWELL, DERICK | ) | | |
| NEWPORT, MIKE HANNON, | ) | | |
| AL SMUTZER, JR., and BEN W. | ) | | |
| HOOPER, II, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**M E M O R A N D U M**

Plaintiff, a prisoner of the Tennessee Department of Correction ("TDOC"), has filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging that Defendants acted improperly in his underlying state court criminal proceedings, resulting in his illegal and/or unconstitutional conviction [Doc. 2]. Plaintiff also has filed a motion for leave to proceed *in forma pauperis* [Doc. 1] and a motion to appoint counsel [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, his motion to appoint counsel [Doc. 4] will be **DENIED**. However, this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

**I.     FILING FEE**

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is a TDOC prisoner, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial

partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. *See* 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and its accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     MOTION TO APPOINT COUNSEL

Plaintiff has filed a motion to appoint counsel [Doc. 4]. However, appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As noted above, this is an action for violation of § 1983 based on Plaintiff's allegations that Defendants acted improperly during underlying state court criminal proceedings against him

[Doc. 2]. These claims are not legally or factually complex, and it is apparent from his complaint that Plaintiff has adequately presented his claims [*Id.*].

After considering the relevant factors, the Court finds that this is not an exceptional case where Plaintiff is entitled to appointment of counsel. Accordingly, Plaintiff's motion to appoint counsel [Doc. 4] will be **DENIED**.

### III. SCREENING

#### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above the speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 555. However, courts liberally construe pro se pleadings and hold them to

3

Case 2:20-cv-00205-CLC-CRW   Document 5   Filed 12/09/20   Page 3 of 5   PageID #: 50

a less strict standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Analysis

All of Plaintiff's claims arise out of allegations that Defendants acted improperly during underlying state court criminal proceedings against him, resulting in his illegal and/or unconstitutional conviction [Doc. 1 at 1, 7–14].[1] However, as nothing in the record suggests that any such conviction has been invalidated, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (An inmate's "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

---

[1] One of Plaintiff's claims alleges that he did not receive medical care, including certain medications, during his incarceration in the Cocke County Jail and that he told his lawyers about these denials, but they refused to present proof of such denials at Plaintiff's trial [*Id.* at 7, 10–11]. Thus, the totality of the complaint makes it apparent that this claim, like all other claims in the complaint, also relates to the legality and/or constitutionality of Plaintiff's underlying state court criminal conviction [*Id.* at 11], rather than any separate violation of the Eighth Amendment.

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Plaintiff's motion to appoint counsel [Doc. 4] will be **DENIED**;

6. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983, and, accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**An appropriate order will enter.**

> /s/
> **CURTIS L. COLLIER**
> **UNITED STATES DISTRICT JUDGE**